**ORIGINAL**

# In the United States Court of Federal Claims

Case No. 14-1100C
Filed: March 25, 2015
NOT TO BE PUBLISHED

```
*******************************
                              *
                              *
ROLAND ALFORD,                *
                              *
        Plaintiff, pro se,    *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
        Defendant.            *
                              *
                              *
*******************************
```

**FILED**

MAR 2 5 2015

U.S. COURT OF
FEDERAL CLAIMS

**Roland Alford**, *pro se*.

**Michelle R. Musgrave**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I.   RELEVANT FACTUAL BACKGROUND.[1]

On November 12, 2014, Roland Alford ("Plaintiff"), a prisoner, filed a Complaint in the United States Court of Federal Claims, alleging wrongful conviction by a New York state court, because the DNA evidence relied on by the prosecutor did not support his conviction. Compl. at 1. The November 12, 2014 Complaint requests $30 million from the Brooklyn District Attorney's Office for Plaintiff's wrongful conviction, and requests $30 million from the City of New York Cellmark Diagnostics for tampering with DNA evidence. Compl. at 1–2.

### II.  PROCEDURAL HISTORY.

On November 24, 2014, Plaintiff filed a Motion For Leave To Proceed *In Forma Pauperis*.

---

[1] The relevant facts discussed herein were derived from Plaintiff's November 12, 2014 Complaint ("Compl.").

On January 12, 2015, the Government filed a Motion To Dismiss, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). On January 27, 2015, Plaintiff filed a Response ("Pl. Resp."). On February 6, 2015, the Government filed a Reply ("Gov't Reply"). On March 3, 2015, Plaintiff filed a Sur-Reply ("Pl. Sur-Reply").

### III. DISCUSSION.

#### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rules of the United States Court of Federal Claims ("RCFC")] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### C. Standard Of Review For *Pro Se* Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of the court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### D. The Government's January 12, 2015 Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that Plaintiff's November 12, 2014 Complaint "falls outside this [c]ourt's limited jurisdiction" pursuant to the Tucker Act. Gov't Mot. at 4. The Complaint alleges claims against the Brooklyn District Attorney's Office and the City of New York Cellmark Diagnostics. *See* Compl. at 1–2. But, "it is well-established that this [c]ourt may only hear claims that are properly brought against the United States, and no one else." Gov't Mot. at 4 (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that Federal Circuit jurisdiction is "confined to the rendition of money judgments in suits brought for that relief against the United Sates")).

Moreover, the United States Court of Federal Claims "does not have jurisdiction to review judgments of state courts or criminal claims." Gov't Mot. at 4 (citing *Jiron v. United States*, 118 Fed. Cl. 190, 200–01 (2014) ("It is elementary that, among the federal courts, only the United States Supreme Court may review the judgments of state courts.")). Even if Plaintiff's claims of "unjust, wrongful conviction" were true, the court still would not possess subject-matter jurisdiction, because the court cannot review judgments of state courts or criminal claims. Gov't Reply at 2.

Plaintiff "has not alleged a source of substantive law that 'can fairly be interpreted as mandating compensation by the Federal Government'"; thus, the court must dismiss his November 12, 2014 Complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Gov't Mot. at 4 (quoting *Jiron*, 118 Fed. Cl. at 198).

3

### 2. Plaintiff's Response.

Plaintiff responds that he recently received a "legal document" dated September 11, 2014 that he submitted to the court. Pl. Resp. at 1; *see also* Pl. Resp. Att. A (September 11, 2014 letter to Plaintiff from the Legal Department of the Office of the New York City Chief Medical Examiner). Plaintiff asserts he "could[ not] prove [his] unjust, wrongful conviction until [receiving] this legal paper," and that therefore, he is "well within the guidelines of the [T]ucker Act and RCFC 12(b)(1)." Pl. Resp. at 1. Plaintiff further argues that certain trial testimony should have been inadmissible and that the September 11, 2014 letter demonstrates his innocence. Pl. Resp. at 2.

### 3. The Court's Resolution.

As a threshold matter, a complaint must establish that the court has jurisdiction to adjudicate an alleged claim. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (holding that the plaintiff "bears the burden of establishing the court's jurisdiction over its claims by a preponderance of the evidence"). The United States Court of Federal Claims may issue judgments only for money damages against the United States, if the cause of action is grounded in a contract, a money-mandating statute, or the Takings Clause of the Fifth Amendment. *See* 28 U.S.C § 1491; *see also Testan*, 424 U.S. at 398 (holding that the Tucker Act "does not create a substantive right enforceable against the United States for money damages" and that it "merely confers jurisdiction upon it whenever the substantive right exists"). The November 12, 2014 Complaint does not seek "money damages against the United States." Instead, the Complaint lists as defendants the Brooklyn District Attorney's Office and the City of New York Cellmark Diagnostics. Compl. at 1. Therefore, the court does not have jurisdiction to adjudicate the claims alleged. *See* 28 U.S.C. § 1491(a)(1).

In addition, the United States Court of Federal Claims does not have jurisdiction to review state criminal court findings. *See Johnson v. Way Cool Mfg., L.L..C.*, 20 F. App'x 895, 897 (Fed. Cir. 2001) (holding that among federal courts, "only the Supreme Court may review state court judgments."); *see also Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that [the plaintiff] asked the [United States Court of Federal Claims] to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the [United States Court of Federal Claims] does not have the authority to review such decisions."); *see also Robinson v. United States*, 230 F. App'x 1382, 1382 (Fed. Cir. 2000) ("Here, [the plaintiff] was tried and convicted in Indiana state court. Thus, the Court of Federal Claims lacks subject matter jurisdiction[.]"). Since Plaintiff was convicted by a New York state court, review of that judgment lies within the exclusive jurisdiction of the New York appellate courts or on petition to the United States Supreme Court. *See id.*

## IV. CONCLUSION.

For these reasons, the Government's January 12, 2015 Motion To Dismiss is granted. *See* RCFC 12(b)(1). The Clerk is directed to dismiss Plaintiff's November 12, 2014 Complaint.

**IT IS SO ORDERED.**

                                                                                       _____
                                                                                       **SUSAN G. BRADEN**
                                                                                       **Judge**